USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,

v.

GUSTAV KLOSZEWSKI, et al.,

                    Defendants.

------------------------------------------------------------ X

**OPINION AND ORDER**

16 Cr. 200 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        I write to elaborate on my decision, made mid-trial, to dismiss a tardy juror and replace that juror with an alternate. Trial began on Monday, June 12, 2017. I instructed the jury to arrive promptly at the courtroom, at 1:00 p.m. on Tuesday, and at 10:00 a.m. each morning of trial thereafter. On June 14, 2017, the third day of trial, before 9:00 a.m., juror number 2 left a message with the Court that he had a job interview at 10 a.m, and could not come to the courthouse until after the interview. That same juror had arrived approximately 30 minutes late the previous morning. Because several other jurors had not yet arrived due to train delays, I deferred the issue of whether to excuse the absent juror until the other late jurors arrived. After all other jurors arrived at approximately 11:00 a.m., and trial was ready to resume, my deputy called the absent juror, who told her that he had not yet been interviewed, and expected that he would arrive at the courthouse at 12:30 p.m. Since all other jurors were present and ready to hear evidence, and because I considered it unreasonable and possibly prejudicial to a fair and orderly trial to allow further delay, I excused the juror and replaced him with the first alternate.

        The tardy juror arrived a few minutes before noon. With counsel present in the robing room, the juror informed the Court that he had learned of the job interview at 8:30 a.m.

that morning, and that he had been unemployed for the last month. After the juror was dismissed, counsel for defendant moved for a mistrial, contending that dismissal of the juror prevented defendant from receiving a fair trial. I denied the motion, holding that the substitution of the alternate juror, juror number 13 for juror number 2, would not compromise the fairness and impartiality of the jury.

## DISCUSSION

"Rule 24(c) of the Federal Rules of Criminal Procedure authorizes a trial judge to 'replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties.'" *United States v. Gambino*, 951 F.2d 498, 502 (2d Cir. 1991). "Th[e] substitution of an alternate juror for reasonable cause is the prerogative of the court and does not require the consent of any party. A reviewing court should not disturb the trial judge's exercise of discretion in dismissing a juror unless there is a bias or prejudice to the defendant." *Id.* at 503 (internal citations and quotation marks omitted). Under Rule 24(c), "the trial court has 'broad discretion to replace jurors at any time before the jury retires for deliberations,'" *United States v. Rodriguez*, 1998 WL 26189, at *6 (S.D.N.Y. Jan. 26, 1998) (quoting *United States v. Agramonte,* 980 F.2d 847, 850 (2d Cir.1992)), and the Federal Rules of Criminal Procedure "do not require any inquiry prior to the dismissal of a juror." *United States v. Fazio*, 770 F.3d 160, 169 (2d Cir. 2014).

Here, I concluded – based on the information known to me at the time – that the absent juror was unable to perform his duties as a juror because he prioritized a job interview over his obligations as a juror, and as a result, failed to timely report to the courtroom. The delay caused by his absence was not only a burden on the court, but on his fellow jurors, several of whom had previously raised concerns about when the trial was expected to finish in light of other

2

obligations they had. Nor was there any reason to believe that replacing this particular juror with an alternate would compromise the fairness or impartiality of the jury.

"The Second Circuit has affirmed trial judges' decisions to exercise their discretion to remove jurors under a wide variety of circumstances," *United States v. Rodriguez*, 1998 WL 26189, at *7 (S.D.N.Y. Jan. 26, 1998), including the circumstance presented here, where a tardy juror delays the entire trial. In *United States v. Chang*, 131 F.3d 132 (2d Cir. 1997), for example, the district court had dismissed and replaced a juror who was forty minutes late on the last day of testimony. Applying an abuse of discretion standard, the Second Circuit affirmed, noting that "the district court did not abuse its discretion by replacing a single late juror because there was no evidence of 'undue impact on the jury.'" *United States v. Chang*, 131 F.3d 132 (2d Cir. 1997) (quoting *United States v. Domenech*, 476 F.2d 1229, 1232 (2d Cir. 1973)). Likewise in *United States v. Domenech*, the Second Circuit affirmed a trial judge's decision to dismiss a juror who was only ten minutes late, over the defendant's objection. Explaining that "we would have to strain much too far to discern any bias or prejudice against the defendant in this episode," the Second Circuit held that the judge had not abused his discretion. 476 F.2d at 1232.

Other circuits are in accord. In *United States v. McKinney*, 17 F.3d 397 (9th Cir. 1994), for example, the district court dismissed a juror after learning that juror would be delayed due to car trouble. Noting that it had previously "upheld district court decisions to dismiss jurors when the decisions had some demonstrable relation to a legitimate administrative interest of the court," the Ninth Circuit affirmed on the ground that "there was a reasonable case here for avoiding trial delay through the seating of the alternate." 17 F.3d at 397; *see also United States v. Manley*, 203 F.3d 833 (9th Cir. 1999) ("[T]rial courts may dismiss jurors for tardiness.");

3

*United States v. De Oleo*, 697 F.3d 338, 342 (6th Cir. 2012) (affirming trial court's decision to excuse juror prior to jury deliberations in light of juror's desire to be present for beginning of her school semester); *United States v. Fajardo*, 787 F.2d 1523, 1525 (11th Cir. 1986) (affirming trial court's decision to dismiss a juror suffering from sinus discomfort to avoid disruption of the trial).

Because it was well within my discretion to excuse the tardy juror, and because no compromise to the parties' right to a fair trial would arise from the substitution of juror number 13 (the first alternate) for juror number 2, the defendant's motion for a mistrial was properly denied.

SO ORDERED.

Dated: June /$, 2017
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge